EDWARD B. JACKSON, ADMINISTRATOR OF EDWARD THOMAS JACKSON, DECEASED, v. STANDARD OIL COMPANY OF NEW JERSEY AND ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 20 November, 1935.)

**Negligence A c—In suit based on doctrine of attractive nuisance, demurrer is properly sustained in absence of allegation of notice to defendant.**

Where plaintiff seeks to recover for the death of her intestate upon the theory of attractive nuisance, and alleges that defendant knew that small

children were in the habit of playing in a vacant lot near its property, but fails to allege that defendant had notice, actual or constructive, that children were in the habit of going on its premises, or that they were attracted to defendant's premises or habitually went there for any purpose, defendant's demurrer is properly sustained.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from judgment sustaining demurrer, filed by the defendant railroad company, entered by *Grady, J.,* at June Term, 1935, of LENOIR. Affirmed.

*Louis I. Rubin and Wallace & White for plaintiff, appellant.*
*Rouse & Rouse for defendant, appellee.*

SCHENCK, J. The plaintiff's intestate, a child of less than six years of age, was burned to death. It is alleged that he was playing in a vacant lot, used by children of the neighborhood as a playground, and that one of his companions procured a can of gasoline from a bucket or tub on the sidetrack running from the main-line tracks of the defendant railroad company to the storage tanks of the defendant oil company, and carried the gasoline so procured to the playground, which was near by, and that the intestate's clothing became soaked with gasoline from the can, and that some companion struck a match, which ignited the intestate's clothing, and so burned him as to cause his death. It is alleged that the gasoline had been left in a bucket or tub by the servants of the oil company, who were engaged in unloading the gasoline from a tank car to a storage tank, and that said bucket or tub had been so placed as to catch the gasoline that leaked from the defective connection between the car and storage tank. While it is alleged that the railroad company knew that the vacant lot near its tracks was used as a playground by the children living near by, and that it left the gasoline unguarded on the sidetrack, there is no allegation that the defendant railroad company had notice, either actual or constructive, that children were attracted upon its tracks or sidetracks for the purpose of getting gasoline, or for any other purpose, and there is no allegation that children were actually so attracted, or that they habitually went upon such tracks, so their presence there and injuries to them could be anticipated.

Since there are no facts alleged which constitute a breach of duty owed by the defendant railroad company to the plaintiff's intestate, the judgment of the Superior Court is

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.